Filed 8/7/24  P. v. Starling CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F087399 |
| Plaintiff and Respondent, | (Super. Ct. No. BF138524A) |
| v. | |
| GREGORY WILLIAM STARLING, | **OPINION** |
| Defendant and Appellant. | |

## THE COURT*

APPEAL from an order of the Superior Court of Kern County.  Elizabet Rodriguez, Judge.

William J. Capriola, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

*        Before Hill, P. J., Detjen, J. and Snauffer, J.

## INTRODUCTION

In 2012, appellant Gregory William Starling (appellant) was convicted of premeditated attempted murder (Pen. Code,[1] §§ 664/187, subd. (a)) and sentenced to the second-strike term of 14 years to life, plus 25 years to life for the personal discharge of a firearm causing great bodily injury (§ 12022.53, subd. (d)), five years for a prior serious felony enhancement (§ 667, subd. (a)), and two one-year terms for prior prison term enhancements (§ 667.5, subd. (b)). The judgment was affirmed on direct appeal.

In 2022, the trial court dismissed the prior prison term enhancements as a result of subsequent legislation but failed to conduct the full resentencing hearing as required by statute. In 2023, the court conducted that hearing, dismissed the prior serious felony enhancement, declined to further reduce appellant's sentence, and resentenced him to 14 years to life for attempted premeditated murder, plus 25 years to life for the firearm enhancement.

On appeal from the resentencing hearing, appellate counsel filed a brief that summarized the facts with citations to the record, raised no issues, and asked this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) Appellant filed a letter brief. We review his contentions and affirm the trial court's order.

## FACTS[2]

"On September 12, 2011, around 9:00 or 10:00 a.m., [appellant] was accompanied by another man when he approached Marcus Williams at the Royal Palms Motel, gave Williams some money, and asked him if he could get some crystal methamphetamine. Williams winked at [appellant], and he winked back as Williams told him to wait before

---

**1**     All further statutory citations are to the Penal Code.

**2**     The following factual statement is from this court's nonpublished opinion in *People v. Starling* (May 10, 2022, F081875), that affirmed the superior court's denial of appellant's section 1172.6 petition for resentencing, and is part of the appellate record herein.

he left to get the drugs.  Williams soon returned with the drugs and told [appellant] he needed $5 more, which Williams thought the other man would pay.  Instead, [appellant] gave him the additional $5.

"At approximately 1:00 p.m., while Williams was smoking crack in a motel hallway, [appellant] told Williams that the other man said the drugs were not good.  Williams gave [appellant] $5 and complained that [appellant] knew that the wink meant the drugs he gave [appellant] were not good, and [appellant] acknowledged that he knew this.  [Appellant] then asked Williams if anyone had crack cocaine.  Williams replied that he did and after smoking some together, they each went their own way.

"Approximately 90 minutes later, Williams returned to the hallway to smoke crack cocaine again and saw [appellant] there.  [Appellant] told Williams, 'Hey, man, are you going to look out for your boy?'  Williams again smoked some of his crack cocaine with [appellant].  Approximately two and a half hours later, [appellant] again asked Williams for crack cocaine and Williams gave him a little more.  Sometime after dark, Williams encountered [appellant] as he exited a hallway into the motel's south parking lot.  This time after greeting each other, Williams told [appellant], 'I can't keep feeding you … [e]very time I see you.'  [Appellant] then went into his car and smoked something.  A short time later, Williams again saw [appellant] in his car 'taking a hit,' but he did not talk to him.

"Later that night, Williams rode his bicycle to a palm tree at the southeast corner of the motel where his friend, Debra Lejander, and several other people had gathered.  Shortly before 11:30 p.m., as Williams was laughing and talking with other people by the palm tree, [appellant] came up and gave Williams a look that indicated to Williams that he was not happy.  [Appellant] then went into a hallway located near the palm tree and returned within seconds holding a gun.  As Williams attempted to pedal away

3.

northbound, he heard [appellant] say, 'You think I'm playing?' He then heard a loud sound and fell to the ground with a bullet wound to the neck.[3]

"Bakersfield Police Officer John Billdt was the first officer to arrive on the scene. Williams's level of consciousness would rise and fall as … Billdt repeatedly asked Williams who shot him. Eventually, Williams told the officer that [appellant] shot him..… Billdt interviewed Lejander, and she also identified [appellant] as the shooter.

"Officer Kenneth Sporer rode to the hospital in an ambulance with Williams. Enroute, Williams again identified [appellant] as the person who shot him. Additionally, Williams and Lejander were each shown a photo lineup and each picked [appellant] out of the lineup as the person who shot Williams.

"The bullet that struck Williams on his neck damaged Williams's spinal cord and left him paralyzed from the chest down."

## PROCEDURAL BACKGROUND

On March 22, 2012, appellant was convicted after a jury trial of count 1, attempted premeditated murder (§§ 664/187, subd. (a)); count 2, assault with a firearm (§ 245, subd. (a)(2)); and count 3, felon in possession of a firearm (former § 12021, subd. (a)(1)). As to count 1, the jury found appellant personally discharged a firearm causing great bodily injury (§ 12022.53, subd. (d)); and as to count 2, he personally used a firearm (§ 12022.5, subd. (a)) and personally inflicted great bodily injury (§ 12022.7). The trial court found appellant had one prior strike conviction (§§ 667, subds. (b)–(i), 1170.12), one prior serious felony conviction enhancement (§ 667, subd. (a)(1)), and two prior prison term enhancements (§ 667.5, subd. (b)).

---

[3] "Lejander testified she first saw that [appellant] had a gun when she saw [appellant] point it at Williams's back as he told Williams he wanted his $15. She then saw [appellant] move to one side of Williams and shoot him. [Appellant] then walked away toward the east side of the motel."

4.

On July 6, 2012, the trial court denied appellant's motion for new trial. It also declined to exercise its discretion to dismiss appellant's prior strike conviction pursuant to section 1385 and *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, and found the nature of appellant's prior conviction for manslaughter was "most significant[]" because "he shot and killed another individual and, but for whatever reason, … Williams didn't suffer that same fate" in this case. The court also cited the "short period of time he was paroled prior to the commission of this particular offense."

Appellant was sentenced to the second-strike term of 14 years to life for count 1, attempted premeditated murder, plus consecutive terms of 25 years to life for the section 12022.53, subdivision (d) personal discharge enhancement, five years for the prior serious felony enhancement, and two one-year terms for the prior prison term enhancements. The trial court stayed the terms imposed for counts 2 and 3.

**Direct Appeal**

On November 14, 2014, this court filed the nonpublished opinion in *People v. Starling* (Nov. 14, 2014, F065302) that affirmed the judgment on direct appeal. Appellate counsel had filed a *Wende* brief. We rejected the arguments that appellant raised in a letter brief: ineffective assistance of counsel, an alleged violation of his right to a speedy trial, and the denial of his new trial motion. (*Starling*, *supra*, F065302.)

## PETITION FOR RESENTENCING

In 2020, appellant filed a petition for resentencing of his conviction for premeditated attempted murder pursuant to former section 1170.95. The superior court summarily denied the petition because a conviction for attempted murder was statutorily ineligible for resentencing at that time.

On May 10, 2022, this court filed the nonpublished opinion in *People v. Starling* (May 10, 2022, F081875) and affirmed the denial of appellant's petition. We noted that as a result of subsequent amendments to former section 1170.95, later renumbered as section 1172.6, a conviction for attempted premeditated murder was now eligible for

resentencing.  We found the superior court's summary denial of the petition was not prejudicial because the record of conviction, including the jury instructions and verdict, showed appellant "was charged and convicted as the person who shot the victim, the jury found he acted with the intent to kill, and he was not convicted under the natural and probable consequences doctrine," and the jury was not instructed on aiding and abetting, accomplices, the felony-murder rule, the natural and probable consequences doctrine, any underlying felonies, or target or nontarget offenses.

## DISMISSAL OF PRIOR PRISON TERM ENHANCEMENTS

"Prior to January 1, 2020, section 667.5, subdivision (b) required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term and had not remained free of custody for at least five years.  [Citation.]  Effective January 1, 2020, Senate Bill No. 136 (2019–2020 Reg. Sess.) (Stats. 2019, ch. 590) (Senate Bill 136) amended section 667.5 by limiting the prior prison term enhancement to only prior terms for sexually violent offenses.  [Citations.]  Enhancements based on prior prison terms served for other offenses became legally invalid.  [Citation.]  The amendment was to be applied retroactively to all cases not yet final on January 1, 2020." (*People v. Burgess* (2022) 86 Cal.App.5th 375, 379–380.)  "Later, in 2021, the Legislature enacted Senate Bill No. 483 (2021–2022 Reg. Sess.) ….  This bill sought to make the changes implemented by Senate Bill 136 retroactive.  [Citation.]  It took effect on January 1, 2022, and added former section 1171.1, now section 1172.75 …." (*Burgess*, at p. 380.)

If the judgment includes a now-invalid prison prior, "the court shall recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).)  "By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements." (*People v. Monroe* (2022) 85 Cal.App.5th 393, 402 (*Monroe*).)

On April 7, 2022, the trial court reduced appellant's aggregate sentence by dismissing the two section 667.5 prior prison term enhancements. The court did not conduct a full resentencing hearing at that time.

**Section 1172.75 Petition**

On October 6 and December 5, 2023, appellant filed petitions for the trial court to conduct the full resentencing hearing required by section 1172.75. Appellant asserted his sentence should be significantly reduced based on his good prison record, lack of disciplinary violations, history of childhood abuse and trauma that was not considered at his original sentencing hearing, and subsequent statutory amendments that permitted the court to dismiss or strike other parts of his sentence.

Appellant requested the trial court select count 2, assault with a firearm, as the principal term; stay the term for count 1, attempted murder, pursuant to section 654; strike or reduce the term for the firearm enhancement; dismiss the prior strike conviction and prior serious felony enhancement; and impose an aggregate determinate term of no greater than 21 years.

**The Trial Court's Hearing**

On December 22, 2023, the trial court held the hearing on appellant's petition for full resentencing. The court acknowledged that it had previously dismissed the prior prison term enhancements but failed to conduct the required full resentencing hearing.

Appellant's counsel requested the trial court review the documentary exhibits filed in support of the petition that showed the history of appellant's childhood abuse and trauma and his good conduct and rehabilitative efforts in prison, and reduce his sentence.

The prosecutor argued appellant's sentence should not be further reduced because he had a lengthy prior record, he killed someone in his prior offense, he sought out and shot the victim because of a dispute over $15, the victim suffered significant physical injuries, and appellant represented a significant danger to the community.

The trial court stated it had reviewed appellant's pleadings, and acknowledged appellant's record showed his good conduct in prison and the absence of any disciplinary violations. The court made the following findings:

> "The sentence from April [7], 2022 is recalled. The Court will not exercise its discretion under [section] 1385 to strike a strike pursuant to … *Romero* based upon the facts of this case and [appellant's] criminal history. [Appellant's] criminal record span[s] from 1989 to 2011, this case. His … one strike conviction was from [August 6, 1999] for a voluntary manslaughter with a firearm …. [Appellant] received a [10]-year prison sentence in that case. And [he] was paroled between 2007 and 2010. [Appellant] has multiple violations of parole with his last parole date being September 22, 2010. This particular incident happened just shy of a year later on September [12], 2011. And here[, appellant] approached … Williams, the victim, from behind. [Appellant] placed a gun on the victim's back and demanded his $15. When the victim didn't have the money, [appellant] shot him."

The trial court also relied on these reasons to deny appellant's request to dismiss or modify the section 12022.53, subdivision (d) firearm enhancement, because doing so "would be a danger to the public."

The trial court further stated it would dismiss the five-year term for the section 667, subdivision (a) prior serious felony enhancement "under [section] 1385 due [to] [appellant's] rehabilitative efforts while incarcerated. The defense … stated … that his sentence should be reduced because he experience[d] childhood trauma …. The Court conclude[d] that [appellant's] childhood trauma substantially contributed to [his] involvement in the commission of the offense."

The trial court resentenced appellant to seven years to life, doubled to 14 years to life as the second-strike term for count 1, attempted premeditated murder, plus 25 years to life for the section 12022.53, subdivision (d) firearm enhancement. The court stayed the terms imposed for counts 2 and 3.

On December 27, 2023, appellant filed a timely notice of appeal from the trial court's resentencing order of December 22, 2023.

**DISCUSSION**

As noted above, appellate counsel filed a *Wende* brief with this court. The brief also includes counsel's declaration that appellant was advised he could file his own brief with this court. This court advised appellant by letter that he could file a supplemental letter or brief raising any arguable issues.

On May 22, 2024, appellant filed a letter brief and raises several issues about the trial court's resentencing hearing.

## A. Section 1172.75

As previously noted, "[b]y its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements." (*Monroe*, *supra*, 85 Cal.App.5th at p. 402.)

At the resentencing hearing, the trial court "shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).) "The court may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (§1172.75, subd. (d)(3).)

"Resentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety. Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed." (§ 1172.75, subd. (d)(1).)

9.

Section 1172.75, subdivision (d) "vests the superior court with broad discretion based on an inherently factual inquiry" in resentencing a defendant, and we review the resentencing order for an abuse of that discretion. (*People v. Garcia* (2024) 101 Cal.App.5th 848, 856–857.)

## B.  Analysis

In his letter brief, appellant complains that he was not aware of the trial court's order of April 7, 2022, when it dismissed the prior prison term enhancements, and the court erroneously ignored the statutory requirement to conduct a full resentencing hearing at that time.

The record herein is silent as to whether appellant received proper notice of the hearing held on April 7, 2022, where the trial court dismissed the two prior prison term enhancements.  Appellant is correct that the court was obliged to conduct a full resentencing at that time.

This error is necessarily harmless since the trial court remedied the mistake and conducted the full resentencing hearing on December 22, 2023.  The court acknowledged appellant was entitled to, but did not initially receive, the full sentencing hearing required by section 1172.75, subdivisions (c) and (d).  More importantly, the court was well aware that it had discretion to resentence appellant as to each element of his aggregate term in accordance with statutory amendments enacted after his original sentencing hearing. (*Monroe*, *supra*, 85 Cal.App.5th at p. 402.)

Appellant argues that at the resentencing hearing held on December 22, 2023, the trial court improperly "used" section 1385 to "violate" the legislative intent for reduction of felony sentences because it did not dismiss the prior strike conviction or the firearm enhancement.  Appellant asserts section 1172.75 required the court to impose "a lesser sentence than the one originally imposed" unless it found appellant posed a risk to public safety.  Appellant complains the court merely reinstated the same sentence for attempted murder and the firearm enhancement.

10.

"Under an abuse of discretion standard, ' "we ask whether the trial court's findings of fact are supported by substantial evidence, whether its rulings of law are correct, and whether its application of the law to the facts was neither arbitrary nor capricious." ' [Citations.] Ultimately, the superior court's risk finding will be upheld 'if it falls within "the bounds of reason, all of the circumstances being considered." ' " (*People v. Garcia*, *supra*, 101 Cal.App.5th at p. 857.)

The record refutes appellant's claim that the trial court imposed the same sentence. In 2012, appellant was initially sentenced to the second-strike term of 14 years to life for attempted premeditated murder, plus consecutive terms of 25 years to life for the section 12022.53, subdivision (d) personal discharge enhancement, five years for the prior serious felony enhancement, and two one-year terms for the prior prison term enhancements. In 2022, the court dismissed the two one-year terms for the prior prison term enhancements. At the resentencing hearing in 2023, the court further reduced appellant's sentence by dismissing the five-year term for the prior serious felony conviction enhancement, based on appellant's post-conviction performance in prison and claims of childhood abuse and trauma.

The trial court was well aware that the scope of its discretion included whether to dismiss the prior strike conviction and/or dismiss or reduce the term imposed for the firearm enhancement, but declined to do so and extensively stated the reasons for its decision. The court's findings are supported by substantial evidence, and it did not abuse its discretion when it declined to further reduce appellant's sentence.

After independent review of the record, we find no reasonably arguable factual or legal issues exist.

## **DISPOSITION**

The trial court's resentencing order of December 22, 2023, is affirmed.